**ELLENBERG LAW GROUP**
**Philip Berwish, Esq. (of counsel)**
**SDNY ID No. pb0723**
**(800) 547-8717**
**berwish@gmail.com**
**Karen L. Hoffmann, Esq.***
**(215) 790-1682**
**karen@sellenberglaw.com**
**1500 JFK Blvd., Suite 1825**
**Philadelphia, PA 19102**
*Motion for *pro hac vice* admission pending         *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jinhyung Park, | )<br>)<br>) |
| Plaintiff, | )<br>)  Case No. 1:25-cv-03407 |
| v. | )<br>) |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, | )<br>)<br>)<br>)  **COMPLAINT**<br>)<br>)<br>) |
| Defendants. | )<br>) |

## INTRODUCTION

1.   Plaintiff Jinhyung Park is a full-time undergraduate international student in lawful F-1 status, enrolled at Columbia University. He is one of thousands of F-1 students nationwide whose Student and Exchange Visitor Information Systems (SEVIS) record has been abruptly and

unlawfully terminated by U.S. Immigration and Customs Enforcement (ICE) since March 25, 2025, effectively stripping them of their ability to remain a student in the United States.[1]

2.      SEVIS is a government database that tracks international students' compliance with their F-1 status. ICE, through its Student and Exchange Visitor Program (SEVP), uses SEVIS to monitor student status. Plaintiff's visa was prudentially revoked by the State Department more than two years ago, but Plaintiff has continued to maintain lawful F-1 status in the United States.

3.      On April 9, 2025, SEVP terminated Plaintiff's SEVIS record and marked the termination reason as "OTHER - Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." No code, statute, or regulation was cited as authority for the termination.

4.      The termination of SEVIS records effectively ends F-1 student status. Even when a visa is revoked, however, ICE is not authorized to terminate Plaintiff's student status. In the SEVIS termination, ICE does not cite any legal authority they have to terminate Plaintiff's SEVIS record. An F-1 visa controls a student's entry into the country, not their continued lawful presence once admitted. Plaintiff was in full compliance with the terms of their F-1 status and had not engaged in any conduct that would warrant the termination of their status.

5.      In fact, an ICE official has filed a declaration in a similar case stating clearly that ICE does not have power to terminate student status: "Terminating a record in SEVIS does not terminate an individual's nonimmigrant status in the United States. The statute and regulations

---

[1] Inside Higher Ed, *International Student Visas Revoked,* https://www.insidehighered.com/news/global/international-studentsus/2025/04/07/where-students-have-had-their-visas-revoked (last accessed Apr. 21, 2025) (reporting that "[a]s of April 21, over 250 colleges and universities have identified 1,680-plus international students and recent graduates who have had their legal status changed by the State Department"); see also Shev Dalal-Dheini & Amy Grenier, Policy Brief: The Scope of Immigration Enforcement Actions Against International Students at 1, AILA (Apr. 17, 2025), https://www.aila.org/library/policy-brief-the-scope-of-immigration-enforcementactions-against-international-students ("According to a verified source, ICE has terminated 4,736 SEVIS records since January 20, 2025, the majority on F-1 status.").

do not provide SEVP the authority to terminate nonimmigrant status of [international student plaintiffs]. Furthermore, the authority to issue or revoke visas for nonimmigrant status lies with the Department of State, not SEVP. Terminating a record within SEVIS does not effectuate a visa revocation." *See* "Declaration of Andre Watson" ¶ 22, *Deore, et al. v. Noem,* et al., No. 2:25-cv-11038-SJM-DRG (E.D. Mich. 2025).

6. This ICE official's statements do not reflect the reality experienced by students who have had their SEVIS records terminated. Under pressure from ICE, the vast majority of higher education institutions have been advising students with SEVIS record terminations that they are out of legal immigration status, and have disenrolled those students as a result.[2]

7. For example, in an email sent by a school official to an international student with a SEVIS record termination at the University of Michigan, the student was told: "In our daily review of SEVIS, we learned that your SEVIS record was 'terminated' by a Department of Homeland Security (DHS) official…We do not have any additional information, but this termination means you no longer hold valid F-1 status within the United States. You will need to cease any employment immediately. Since this termination does not carry a grace period, we must recommend you make plans to exit the United States immediately." See *Deore, et al. v. Noem*, et al., No. 2:25-cv-11038-SJM-DRG (E.D. Mich. 2025), ECF No. 1-6, Email to Qiuyi Yang Regarding SEVIS Termination.

8. The Department of Homeland Security (DHS) policy of unlawfully terminating SEVIS records based on visa revocations appears to be designed to coerce students, including Plaintiff, into abandoning their studies and "self-deporting" despite not violating their status. If ICE believes a student is deportable for having a revoked visa, it has the authority to initiate removal

---

[2] See Lennard, Natasha, *Universities Told Students to Leave the Country. ICE Just Said They Didn't Actually Have To.* The Intercept, April 17, 2025, https://theintercept.com/2025/04/17/international-student-visas-deport-dhs-ice/

proceedings and make its case in court. It cannot, however, misuse SEVIS to circumvent the law, strip students of status, and drive them out of the country without process.

9.  Over the past two weeks, visa revocations and SEVIS terminations have shaken campuses across the country and New York, including Columbia University.[3] The SEVIS terminations have taken place against the backdrop of numerous demands being made of universities by the federal government and threats of cutting off billions of dollars in federal funding. They have created chaos as schools have attempted to understand what is happening and do their best to inform and advise students.

10. Plaintiff brings this action under the Administrative Procedure Act (APA), the Fifth Amendment to the U.S. Constitution, and the Declaratory Judgment Act to challenge ICE's unlawful termination of his SEVIS record.

## JURISDICTION AND VENUE

11. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; Plaintiff resides in Lancaster County, which is located within the Middle District of Pennsylvania; and there is no real property involved in this action.

12. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; Plaintiff resides in New York County, which is located within the Southern District of New York; and there is no real property involved in this action.

---

[3] *See* Davis, Spencer, *et al.*, *Federal government terminates visas of four international students, University Says*. Columbia Spectator, Apr. 9, 2025, *available at* https://www.columbiaspectator.com/news/2025/04/06/federal-government-terminates-visas-of-four-international-students-university-says/

4

## PARTIES

13.     Plaintiff Jinhyung Park is an international student who is enrolled as an undergraduate at Columbia University in New York City.

14.     Defendant DHS is a cabinet-level department of the Executive Branch of the federal government and is an "agency" within the meaning of 5 U.S.C. § 551(1). DHS includes various component agencies, including ICE.

15.     Defendant Kristi Noem is the Secretary of Homeland Security and has ultimate authority over DHS. In that capacity and through her agents, Defendant Noem has broad authority over the operation and enforcement of the immigration laws. Defendant Noem is sued in her official capacity.

16.     Defendant Todd Lyons is the Acting Director of ICE and has authority over the operations of ICE. In that capacity and through his agents, Defendant Lyons has broad authority over the operation and enforcement of the immigration laws. Defendant Lyons is sued in his official capacity. ICE is responsible for the termination of Student Doe's SEVIS record.

## LEGAL FRAMEWORK

17.     A nonimmigrant visa controls a noncitizen's admission into the United States, not their continued stay. Congress established a statutory basis for student visas under 8 U.S.C.§ 1101(a)(15)(F)(i), requiring that a noncitizen engage in a full course of study to maintain nonimmigrant status. Once admitted in F-1 status, a student is granted permission to remain in the United States for the duration of status (D/S) as long as they continue to meet the requirements established by the regulations governing their visa classification in 8 C.F.R. § 214.2(f), such as maintaining a full course of study and avoiding unauthorized employment.

18. An F-1 visa allows an international student to enter and re-enter the United States. The revocation of an F-1 visa does not automatically mean a student loses their lawful F-1 status, because the admission of an international student with an F-1 visa valid at time of entry guarantees permission for that student to remain in the United States for the D/S. 8 C.F.R. § 214.2(f).

19. The revocation of a visa by the State Department does not constitute a failure to maintain status and visa revocation is not, by itself, cause for termination of a student's SEVIS record. See *Chen v. Noem*, et al., No. 1:25-cv-00733-TWP-MG (N.D. Ill.), ECF No. 17 at 3 (Order granting TRO).

20. An international student who was lawfully admitted with an F-1 visa, who later had that visa revoked for reasons of ineligibility or suspected lack of entitlement under 9 FAM § 403.11-5(B), but who has continued to meet the requirements established by the regulations governing their visa classification in 8 C.F.R. § 214.2(f), retains legal status in the US and is not deportable under 8 USC § 1227.

21. SEVIS is a centralized database maintained by the SEVP within ICE used to manage information on nonimmigrant students and exchange visitors and track their compliance with terms of their status. Under 8 C.F.R. § 214.3(g)(2), Designated School Officials (DSOs) must report through SEVIS to SEVP when a student fails to maintain status. SEVIS termination is governed by SEVP policy and regulations. Termination must be based on a student's failure to maintain status.

22. DHS regulations distinguish between two separate ways a student may fall out of status: (1) a student who "fails to maintain status," and (2) an agency-initiated "termination of status."

23. The first category, failure to maintain status, involves circumstances where a student voluntarily or inadvertently falls out of compliance with the F-1 visa requirements, for example by failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their status requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. §§ 214.1(e)–(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder, such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year, "constitutes a failure to maintain status."

24. With the respect to the crime of violence category, 8 C.F.R. § 214.1(g) sets forth that a nonimmigrant's conviction "for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status . . . ." Minor misdemeanor offenses do not meet this threshold for termination based on criminal history.

25. The second category, termination of status by DHS, can occur only under the limited circumstances set forth in 8 C.F.R. § 214.1(d), which only permits DHS to terminate status when: (1) a previously granted waiver under INA § 212(d)(3) or (4) [ 8 U.S.C. § 1182(d)(3) or (4)] is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. DHS cannot otherwise unilaterally terminate nonimmigrant status. *See Jie Fang v. Dir. United States Immigr. & Customs Enf't,* 935 F.3d 172, 185 n. 100 (3d Cir. 2019).

26. Accordingly, the revocation of a visa does not constitute failure to maintain status and cannot therefore be a basis for SEVIS termination. If a visa is revoked prior to the student's

7

arrival to the United States, then a student may not enter and the SEVIS record is terminated. However, the SEVIS record may not be terminated as a result of a visa revocation after a student has been admitted into the United States, because the student is permitted to continue the authorized course of study.[4]

27.     ICE's own guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record."[5]  Rather, if the visa is revoked, the student is permitted to pursue their course of study in school, but upon departure, the SEVIS record is terminated and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States.[6]

28.     While a visa revocation can be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings.  *See* 8 USC § 1227(a)(1)(B); 8 U.S.C. § 1201(i) (allowing immigration court review of visa revocation).

29.     The immigration judge may also even dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status. 8 C.F.R. § 1003.18(d)(ii)(B). Only when a final removal order is entered would status be lost.

30.     A student who has not violated their F-1 status, even if their visa is revoked, cannot have a SEVIS record terminated based on INA § 237(a)(1)(C)(i) [8 U.S.C. § 1227(a)(1)(C)(i)] (failure to maintain status), INA §237(a)(4)(C)(i) [8 U.S.C. § 1227(a)(4)(C)(i)] (foreign policy grounds), or any deportability ground for that matter.

---

[4] ICE Policy Guidance 1004-04 –Visa Revocations (June 7, 2010), available at https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf
[5] *Id.*
[6] Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016), available at https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation.

31.     The immigration courts have no ability to review the SEVIS termination here because the process is collateral to removal. *See Nakka v. United States Citizenship & Immigr. Servs.,* 111 F.4th 995, 1007 (9th Cir. 2024); *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019).

32.     There is also no administrative appeal of a denial to reinstate F-1 status. The termination of a SEVIS record constitutes final agency action for purposes of APA review. *See Fang*, 935 F.3d at 185.

## FACTUAL ALLEGATIONS

33.     Plaintiff Jinhyung Park is an undergraduate international student enrolled in a full course of study at Columbia University in his junior year. He is originally from South Korea.

34.     Plaintiff has maintained a strong academic attendance and commitment to his studies during the duration of his status.

35.     Plaintiff is an active and involved participant in student life at his university, and has been a part of several student clubs.

36.     Plaintiff has never been involved in any campus politics, nor has he attended any protest or disruptive action at Columbia University.

37.     Plaintiff first came to study in the United States on a J-1 visa to study at a high school in the state of Georgia in 2014. In or around 2015, Plaintiff received a Change of Status to an F-1 visa to continue his high school studies at a boarding high school in Kansas. Plaintiff continued studying in the US on an F-1 student visa in 2017, enrolling in the University of Michigan for approximately one year.

38.     During his time as a student at the University of Michigan, on March 11, 2018, Plaintiff was arrested and charged with an Operating Under the Influence of Alcohol/Liquor (OWI) offense.

39.     The charges were later dismissed and the case closed in or about 2020, while Plaintiff was in his home country of South Korea completing his compulsory military service (from 2018 through 2023).

40.     In 2023, Plaintiff returned to the United States on an F-1 student visa to study at Columbia University.

41.     The U.S. Consulate abroad was aware of Plaintiff's alcohol-related offense and required a clearance before the issuance of Plaintiff's last student visa. Plaintiff was cleared and was granted a student visa by the U.S. Department of State, which had full knowledge of Plaintiff's offense.

42.     Plaintiff has maintained lawful status and full-time academic enrollment since enrolling at Columbia University in 2023. He is scheduled to graduate in December 2026.

43.     On April 9, 2025, Plaintiff received official notice from the Columbia International Students and Scholars Office (ISSO) that his student visa was revoked and that his SEVIS status was terminated.

44.     Columbia's ISSO notified Plaintiff that the reason given for his SEVIS termination "OTHER - Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated."  No code, statute, or regulation was cited as authority for the termination.

45.     Plaintiff is unaware of the factual basis for the termination of his SEVIS record.

46. Plaintiff has received no prior notice or communication from ICE or SEVP regarding his status.

47. Plaintiff's only criminal history involved a misdemeanor alcohol-related driving offense, charges related to which have since been dismissed. The offense was not a crime of violence, nor did it carry a potential sentence of more than one year. Plaintiff, as mentioned in the preceding paragraphs, properly disclosed his criminal history to the consulate responsible for issuing him an F-1 visa, and was subsequently approved for the F-1 visa.

48. DHS has not initiated removal proceedings against Plaintiff.

49. Plaintiff is highly valued by his college, which desires for him to continue to be enrolled in school. However, Plaintiff's ability to do so is in jeopardy due to the termination of his SEVIS record and status.

50. Since he received notice of his SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. He is unsure of what will happen to him. He also fears being labeled a national security or foreign policy threat if he seeks to return to the United States in the future, or if he seeks to travel to another country, because of the labels attached to his SEVIS termination.

51. Plaintiff has experienced reasonable fear that he would not be protected from deportation. Because of this, Plaintiff has been afraid to go to class and afraid to stay at his own apartment. Plaintiff has been staying at a friend's apartment since receiving notice of his SEVIS termination.

52. Plaintiff has suffered a financial burden in paying for legal consultations and legal services, compounded by the fact that he is a full-time student with no source of income.

53. Plaintiff has two summer internships lined up for the summer of 2025 as a part of his Curricular Practical Training (CPT). Plaintiff now reasonably fears that he will lose those internships, and the experience and opportunities that an internship may confer, as a result of losing his employment authorization and eligibility for CPT as a result of his SEVIS termination. CPT requires two consecutive semesters of study at an approved institution, and as a result of the SEVIS termination, Plaintiff no longer has the requisite two consecutive semesters. Without further relief, Plaintiff will likely lose a crucial opportunity for a summer internship before graduation.

54. Moreover, Plaintiff has a third internship offer lined up for the summer of 2026. This internship has a high likelihood of converting to a full-time position after Plaintiff graduates from Columbia. Plaintiff now reasonably fears that losing his employment authorization and his lawful status will cause him to lose the internship offer and the full-time job offer it would likely confer.

55. Plaintiff feels that the government is attempting to coerce Plaintiff to abandon his studies and "self-deport" even though Plaintiff has not done anything to violate his status.

56. Plaintiff now lives in constant fear, experiencing severe anxiety. Plaintiff has significant trouble performing day-to-day activities and maintaining his good academic standing due to worries of potential detention or deportation by ICE.

57. The SEVIS terminations have created havoc and uncertainty for schools as well. Upon information and belief, Plaintiff's university was not given any advanced warning or further explanation for the termination of Plaintiff's SEVIS status. Schools are scrambling to respond to

these unprecedented actions and determine whether and how they can help their international students.[7]

58.     Intervention by the Court is necessary to remedy Defendants' unlawful conduct.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Administrative Procedure Act**

*(Unauthorized SEVIS Termination)*

59.     Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

60.     Under Section 706 of the Administrative Procedure Act (APA), final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C)-(D).

61.     Defendants have no statutory or regulatory authority to terminate Plaintiff's SEVIS record or status based simply on revocation of a visa. Additionally, nothing in Plaintiff's criminal history or other history provides a basis for termination.

62.     Therefore, Defendant's termination of Plaintiff's SEVIS record is not in accordance with law, in excess of statutory authority, and without observance of procedure required by law.

---

[7] *See, e.g.,* Liam Knox, *How Trump is Wreaking Havoc on the Student Visa System*, Inside Higher Ed, April 5, 2024, https://www.insidehighered.com/news/global/international-students-us/2025/04/03/how-trump-wreaking-havoc-student-visa-system.

## SECOND CAUSE OF ACTION

### Fifth Amendment

*(Procedural Due Process)*

63. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

64. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of property interests protected under the Due Process Clause of the Fifth Amendment.

65. Once a student is lawfully admitted to the United States in F-1 status and complies with the regulatory requirements of that status, the continued registration of that student in SEVIS is governed by specific and mandatory regulations. Because these regulations impose mandatory constraints on agency action and because SEVIS registration is necessary for a student to remain enrolled as an international student, Plaintiff has a constitutionally protected property interest in his SEVIS registration. See *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015)(recognizing protected property interest in participating in exchange visitor program); *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) (recognizing protected property interest in nondiscretionary application for naturalization).

66. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

## **THIRD CAUSE OF ACTION**

### Administrative Procedure Act

*(Procedural Due Process)*

67. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

68. Under Section 706 of the APA, final agency action can be set aside if it is "contrary to a constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

69. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

70. Accordingly, Defendants' action is contrary to a constitutional right.

## **FOURTH CAUSE OF ACTION**

### Administrative Procedure Act

*(Arbitrary and Capricious SEVIS Termination)*

71. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

72. Under Section 706 of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," including if it fails to make a rational connection between the facts found and the decision made. 5 U.S.C. § 706(2)(A).

73. Defendants failed to articulate the facts that formed a basis for their decision to terminate Plaintiff's SEVIS status in violation of the APA, let alone any rational connection between the facts found and the decision made.

74. Defendants' action is therefore arbitrary and capricious.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Declare that the termination of Plaintiff's SEVIS status was unlawful;

3) Vacate and set aside DHS's termination of Plaintiff's SEVIS status;

4) Order that Defendants restore Plaintiff's SEVIS record and status retroactive to the date of termination;

5) Award Plaintiff costs and reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(b); and

6) Grant such further relief as the Court deems just and proper.


Dated: April 25, 2025                    Respectfully submitted,

                                         ELLENBERG LAW GROUP
                                         BY: /s/ Philip Berwish
                                         Philip Berwish, Esq. (of counsel)
                                         ID No. pb0723
                                         (800) 547-8717
                                         berwish@gmail.com
                                         Karen L. Hoffmann, Esq.*
                                         (215) 790-1682
                                         karen@sellenberglaw.com
                                         1500 JFK Blvd., Suite 1825
                                         Philadelphia, PA 19102
                                         *Motion for *pro hac vice* admission pending
                                         *Attorneys for Plaintiff*

16