UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINHYUNG PARK,<br><br>        Plaintiff,<br><br> - v. -<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security *et al.*,<br><br>        Defendants. | No. 25 Civ. 3407 (DEH) |

STIPULATION AND PROPOSED ORDER OF SETTLEMENT AND DISMISSAL

WHEREAS, Plaintiff Jinhyung Park ("Plaintiff) filed his complaint in this matter on or about April 25, 2025, challenging the termination of his Student and Exchange Visitor Information System ("SEVIS") record by U.S. Immigration and Customs Enforcement ("ICE"); and

WHEREAS, the SEVIS record for Plaintiff has been set back to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at ICE"; and

WHEREAS, the parties wish to resolve this case without further litigation on the terms set forth below.

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as follows:

1. The reactivation of Plaintiff's SEVIS record shall be considered retroactive to the date of its initial termination, such that there is no gap or lapse in Plaintiff's SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen.

2. To the extent Plaintiff is participating in Optional Practical Training ("OPT"), or the Science, Technology, Engineering, and Math ("STEM") OPT extension, or Curricular Practical

Training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT has been reset to the end date set forth in Plaintiff's SEVIS record before its termination.

3. To the extent that the termination and reactivation of Plaintiff's SEVIS record resulted in loss of employment and accumulation of "unemployed" days, ICE will amend Plaintiff's SEVIS Unemployment Counter to ensure that he accumulated no unemployed days in SEVIS because of ICE's actions in this matter.

4. ICE will not, under its new SEVIS policy announced April 26, 2025, re-terminate Plaintiff's SEVIS record based solely on the National Crime and Information Center ("NCIC") record that led to the initial termination or on any related prudential visa revocation that is effective upon departure (as set forth in Paragraph 6). However, ICE maintains the authority to terminate a SEVIS record for other reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act ("INA").

5. As stated in ICE's new policy, "if State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of removability under INA § 237(a)(1)(B)." A visa revocation that is effective upon departure rather than immediately does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy.

6. Pursuant to INA § 221(i), 8 U.S.C. § 1201(i), notice of a visa revocation must be communicated to the Department of Homeland Security. DHS has not received any communication from the Department of State that the visa of Plaintiff in this action has been revoked with immediate effect.

7. The termination and reactivation of a Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS

record was terminated and then reactivated by ICE, USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

8. To the extent USCIS issues a request for evidence, notice of intent to deny, or denial based in whole or part on the termination and reactivation of Plaintiff's SEVIS record, counsel for Defendants agree to cooperate with Plaintiff's counsel to ensure USCIS is aware of this Stipulation and its terms in connection with its consideration or reconsideration of Plaintiff's benefits request.

9. Defendants shall communicate this Stipulation to the Department of State.

10. This action is hereby dismissed with prejudice. Each party shall bear its own fees and costs.

Dated: Philadelphia, Pennsylvania
January 7, 2026

KAREN HOFFMANN, ESQ.

By: *Karen Hoffmann*
KAREN HOFFMANN, ESQ.
Ellenberg Law Group
Two Penn Center
1500 John F. Kennedy Blvd.
Suite 1825
Philadelphia, PA 19102
Telephone: (215) 790-9103
E-mail: karen@sellenberglaw.com
*Attorney for Plaintiff*

Dated: New York, New York
January 7, 2026

JAY CLAYTON
United States Attorney

By: *Jeffrey Oestericher*
JEFFREY OESTERICHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2695
E-mail: jeffrey.oestericher@usdoj.gov
*Attorney for Defendant*

**The Clerk of Court is respectfully directed to close the case.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: January 12, 2026
New York, New York

3